UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINESON C. ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>HEAD OF CNA FINANCIAL, ORANGE COUNTY BRANCH,<br><br>    Defendant. | Case No. 21-cv-07987-JD<br><br>**ORDER RE DISMISSAL**<br><br>Re: Dkt. Nos. 2, 4 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff is currently incarcerated at the California Medical Facility in the Eastern District of California. He alleges that the head of the branch office of CNA Financial in Orange County, which is located in the Central District of California, seized plaintiff's companies and empire before his eighteenth birthday. Plaintiff states that in 2005-2007 he filed a claim in small claims court and won. For relief plaintiff seeks the Court to review the small claims court cases and arrange a transaction to obtain his companies. Plaintiff's allegations are frivolous and fail to state a claim under 42 U.S.C. § 1983. In addition, plaintiff is not incarcerated in this district and the events did not occur in this district. Because no amount of amendment would cure the deficiencies of the complaint, this action is dismissed without leave to amend. To the extent plaintiff seeks to bring an action separate from § 1983, he should bring that action in the appropriate district.

**CONCLUSION**

1. The complaint is **DISMISSED** for failure to state a claim. The motion to proceed in forma pauperis (Dkt. Nos. 2, 4) is **DENIED**.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: November 4, 2021

JAMES DONATO
United States District Judge